**WEMBLEY, INC., Plaintiff,**

v.

**SUPERBA CRAVATS, INC., Defendant.**

Civ. No. 9269.

United States District Court

W. D. New York.

Feb. 1, 1962.

Edward H. Cumpston, Rochester, N. Y., for Plaintiff. Samuel Scrivener, Jr., and John H. O. Clarke, Washington, D. C., of counsel.

B. Edward Shlesinger and Philip K. Fitzsimmons, Rochester, N. Y., for Defendant. Harris, Beach, Keating, Wilcox, Dale & Linowitz, Rochester, N. Y., of counsel.

BURKE, Chief Judge.

This is an action for a declaratory judgment. Plaintiff and defendant are manufacturers of neckties. United States Letters Patent to Helmut Hertz, No. 2,611,900 was issued September 30, 1952 on his application for a necktie of certain construction. The application was assigned by him to the defendant December 3, 1951. The plaintiff claims the patent is invalid for reasons set forth in the complaint. It seeks by this action a declaratory judgment that the patent is wholly invalid, a decree that plaintiff's necktie does not infringe the patent, and injunctive relief. The defendant moves to dismiss the complaint upon the ground that the complaint fails to state a claim upon which relief can be granted, because the complaint fails to allege a controversy which is justiciable under the Declaratory Judgment Act, 28 U.S.C.A. § 2201.

The complaint alleges that the "Defendant has represented to the industry, and now continues to so represent, that because of said Hertz patent, defendant alone may make, use and sell a necktie having an outer envelope and a separate inner lining both made of Dacron.—But for the invalid and illegal issuance of said Hertz patent and the broad monopoly thereunder wrongfully asserted by defendant, plaintiff would be able to freely make, use and sell such neckties without the unjust imposition of litigation." And further, "In the course of its business, plaintiff has designed a necktie which, it is informed by its legal counsel, and believes and therefore avers, does not infringe either of the claims of said Hertz patent, ———. Plaintiff is advised and informed and therefore avers that its proposed necktie would not infringe the said Hertz patent because of the limitation of the claims thereof to envelope and lining parts having the same weave or texture. A sample of plaintiff's proposed necktie, here in court to be produced, has been submitted to defendant's legal counsel who has, however, advised plaintiff's counsel, in a letter dated June 6, 1961, a true reproduction of which is hereto annexed as Exhibit A, that plaintiff's proposed necktie would infringe the said Hertz patent." On these grounds the defendant alleges that actual controversies thus exist between plaintiff and defendant with respect to the validity of the Hertz patent and its scope as regards infringement by plaintiff's proposed necktie.

Plaintiff cites in support of its position, Dewey and Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68, where the court held that the facts there disclosed brought the case within the scope and intendment of the Declaratory Judgment Act. In that case, however, the court said, (p. 70) "It is obvious that a person not now engaged in possible infringing conduct, and having no immedi-

ate intention of doing so, but having an academic interest in the law of patents, could not obtain a declaratory judgment against a patentee as to the validity or scope of the patent. Such a dispute would be of 'a hypothetical or abstract character' not within the federal judicial power; issue would not be joined, in such a case, between persons having adverse legal interests." This case was cited with approval by the Court of Appeals for the Second Circuit in Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F.2d 876, on which the plaintiff also relies. In the latter case the plaintiff, Technical Tape Corp., had made a pilot run of the accused tape, which run yielded a commercially satisfactory tape. The tape had been imported from plaintiff's Canadian affiliate. Manufacture of small quantities of the tape had begun prior to the commencement of suit. The plaintiff had tried to sell the accused tape to its customers, but its sales had met with resistance because of its prospective customers' fear of action by the defendant owner of the patent. The court held (p. 878), "Under these circumstances we think that there were sufficient acts and contemplated acts of infringement to create a controversy when the threats were made. Moreover, where there is such an evident intention to market a product and preparation of the means to do so, there would seem to be no sense in requiring that the manufacture and sales should precede the notice of infringement by the patentee or even the bringing of an action for a declaratory judgment. * * *" In Georgia-Pacific Corp. v. United States Plywood Corp., 2 Cir., 258 F.2d 124, an action for a declaratory judgment brought by Georgia-Pacific Corp., the plaintiff had manufactured its plywood panels prior to the commencement of the suit. "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy.

Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. * * *" Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826.

Here, Wembley is neither now engaged in possible infringing conduct, nor has it any immediate intention of doing so. There has been no action on the part of Wembly except the designing and making of a single necktie and the submission of it to defendant's patent counsel. There is no showing of a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

The motion is granted.